UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20110-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ENRIQUE COLLAZO-JUBAN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS

Defendant Collazo-Juban filed a Motion to Suppress Evidence [DE 45], and the government filed a memorandum in response. [DE 50]. The Honorable Alan S. Gold referred the Motion to me for report and recommendation [DE 46], and this Court held an evidentiary hearing on March 26, 2010. One witness testified at that hearing: security officer Samuel Brailsford.

In the Motion, Defendant argues that the search of his person and seizure of his property violated the Fourth Amendment because hospital security officers, who he contends were acting on behalf of the government, did not have probable cause to chase him and search his person when they found him in the parking lot of Jackson Memorial Hospital's Long Term Care Facility. For this reason, Defendant (who stands charged as a felon in possession of a firearm) moves to exclude from evidence the firearm the officers

seized from him.

At the conclusion of the hearing, in open court, I made findings of fact and conclusions of law. In particular, I found that Defendant's detention and search was supported by both a reasonable suspicion, and probable cause, that he was engaged in criminal activity. Since the security officers' actions satisfied these exceptions to the Fourth Amendment warrant requirement, I did not resolve the government's argument that the security officers were acting in a purely private capacity and thus were not subject to the Fourth Amendment.

The findings of fact and conclusions of law that I stated in open court are incorporated in this Report and Recommendation. Accordingly, for the reasons stated on the record at the conclusion of the suppression hearing, I respectfully **RECOMMEND** that the Defendant's Motion to Suppress Evidence [DE 45], be **DENIED.**

Pursuant to S.D. Fla. Mag. Rule 4(b), the parties may serve and file written objections with the Honorable Alan S. Gold, United States District Judge. Because the findings of fact and conclusions of law that are the basis of this Report and Recommendation were made in open court, the Defendant, who indicated that he intends to file objections, must obtain an expedited transcript of the March 26th suppression hearing, file it with the Court and deliver a courtesy copy to Judge Gold's chambers with his objections.

Defendant's objections shall be due **seven days after his receipt of the expedited transcript**. Failure to file timely objections will bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida this 26th day of March, 2010.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Alan S. Gold
All counsel of record