UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-20110-CR-GOLD

UNITED STATES OF AMERICA
    Plaintiff,

vs.

ENRIQUE COLLAZO-JUBAN
    Defendant.

_____/

## DEFENDANT'S MOTION TO SUPPRESS POST-ARREST STATEMENTS AND SUPPORTING MEMORANDUM OF LAW

Defendant ENRIQUE COLLAZO JUBAN, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, the Fifth Amendment to the Constitution, Miranda v Arizona, 384 U.S. 436 (1966), and the additional authorities set forth in the incorporated memorandum of law, requests that this Court preclude the government from introducing into evidence post-arrest statements obtained from Mr. Collazo in violation of his constitutional rights.  Mr. Collazo's motion is based on the following grounds:

    1.    Mr. Collazo, a previously-convicted felon, is charged with having unlawfully possessed a firearm on August 17, 2008.

    2.    According to the discovery the government has provided thus far, at about 4:30 a.m. on August 17, 2008, a Jackson Memorial Hospital security officer claims he saw Mr. Collazo attempting to break into a van that was parked on hospital property.  The officer says he promptly reported his observations to two of his colleagues.  The three

security officers then chased Mr. Collazo into the building next to the hospital (where Mr. Collazo lived) and tackled him to the ground. Once they took Mr. Collazo to the ground, the officers claim they found a gun "on his person".

3.  Shortly after Mr. Collazo was taken down by the security guards, at least one City of Miami police officer, Officer Pellegrino, arrived on the scene. According to Officer Pellegrino, as soon as he arrived on the scene, he placed Mr. Collazo under arrest and read him his <u>Miranda</u> rights. According to Officer Pellegrino, Mr. Collazo waived his rights and said that he had found the gun that the officers claimed he had in his possession, and that he had decided to keep it. The government intends to introduce Mr. Collazo's post-arrest statements into evidence at trial.

4.  Mr. Collazo's post-arrest statements should be suppressed because they were obtained in violation of his <u>Miranda</u> rights and the requirement that any waiver of those rights be knowingly , voluntarily, and intelligently made. <u>See, e.g.</u>, <u>Miranda</u>, 384 U.S. at 475. In general, the government must show that Mr. Collazo voluntarily relinquished his rights, and that he was fully aware of the rights he was waiving and the consequences of waiving those rights.  <u>See</u> <u>Colorado v. Connelly</u>, 479 U.S. 157, 168 (1986); <u>Moran v. Burbine</u>, 475 U.S. 412, 421 (1986).

5.  Here, contrary to Officer Pellegrino's assertion, Mr. Collazo was simply not given his <u>Miranda</u> warnings before he was subjected to questioning. The alleged <u>Miranda</u> warning and waiver were never reduced to writing. Officer Pellegrino seems to claim that he orally (presumably in English) advised Mr. Collazo of his rights and obtained his waiver while he was on the ground in handcuffs. Mr. Collazo, who speaks very little

English, denies that ever happened. Simply put, the failure to advise him of his Miranda rights and obtain a valid waiver renders his post-arrest statements inadmissible at trial. See Miranda v. Arizona, 384 U.S. 436, 475 (1966); Dunkins v. Thigpen, 854 F.2d 394, 398 (11th Cir. 1988).

6.     Even if this Court were to find that Officer Pellegrino did, in fact, somehow inform Mr. Collazo of his Miranda rights, the government will be unable to prove that the authorities properly obtained Mr. Collazo's waiver of those rights. In order to establish that a defendant "knowingly and intelligently" waived his Miranda rights, the government must meet a "high standar[d] of proof". See Miranda, 384 U.S. at 475. Factors relevant to determining whether a statement was made voluntarily include the suspect's intelligence, education, and age; familiarity with the criminal justice system; and physical and mental condition. See, e.g., Henry v. Dees, 658 F.2d 406, 411 (5th Cir. 1981); United States v. Cruz Jimenez, 894 F.2d 1, 8 (1st Cir. 1990).

7.     Courts are to "indulge every reasonable presumption against waiver of fundamental constitutional rights" and they shall "not presume acquiescence in the loss of fundamental rights." Johnson v. Zerbst, 304 U.S. 458, 464 (1938). Furthermore, while an express written or oral waiver of the right to remain silent or of the right to counsel offers proof of the validity of that waiver, it does not inevitably establish the sufficiency of the waiver. "The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case." North Carolina v. Butler, 441 U.S. 369, 373 (1979).

8. Here, whatever Officer Pellegrino may have told Mr. Collazo at 4:30 in the morning while he was on the ground in handcuffs was insufficient to properly obtain his waiver of his constitutional rights. This is especially true if Officer Pellegrino's comments were in English.

9. Mr. Collazo requests an evidentiary hearing on this motion.

WHEREFORE, this Court should preclude the government from introducing into evidence at trial post-arrest statements allegedly made by Mr. Collazo immediately upon his arrest.

Respectfully submitted,

s/Joaquin Mendez
Joaquin Mendez, P.A.
Florida Bar No.: 814652
100 S.E. 2nd Street, Suite 2700
Miami, Florida 33131
Telephone (305) 375-0886
Fax (305) 375-0884
Email: jmendezlaw@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2010, I filed the foregoing document with the Clerk of Court by Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electorally Notice of Electronic Filing.

s/Joaquin Mendez
Joaquin Mendez, P.A.