UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20110-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ENRIQUE COLLAZO-JUBAN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

Defendant Collazo-Juban filed a Motion to Suppress Post-Arrest Statements [DE 61], and the government filed a memorandum in response. [DE 68]. The Honorable Alan S. Gold referred the Motion to me for report and recommendation [DE 65], and I held an evidentiary hearing on June 15, 2010. One witness testified at that hearing: City of Miami police officer German Pellegrino.

In the Motion, Defendant argues he was not properly informed of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) and, did not make a knowing, voluntary and intelligent waiver of those rights prior to speaking with the police. For this reason, Defendant (who stands charged as a felon in possession of a firearm) moves to exclude from evidence his post-arrest statements regarding a firearm found at the time of his arrest.

At the conclusion of the hearing, in open court, I made findings of fact and conclusions of law. In particular, I found that Office Pellegrino read Defendant his *Miranda*

rights, in Spanish, and that Defendant understood and knowingly waived those rights.

The findings of fact and conclusions of law that I stated in open court are incorporated in this Report and Recommendation. Accordingly, for the reasons stated on the record at the conclusion of the suppression hearing, I respectfully **RECOMMEND** that the Defendant's Motion to Suppress Post-Arrest Statements [DE 61], be **DENIED.**

Pursuant to S.D. Fla. Mag. Rule 4(b), the parties may serve and file written objections with the Honorable Alan S. Gold, United States District Judge. Because the findings of fact and conclusions of law that are the basis of this Report and Recommendation were made in open court, the parties must obtain a transcript of the June 15th suppression hearing, and Defendant must file it with the Court and deliver a courtesy copy to Judge Gold's chambers with his objections.

Defendant's objections shall be due **seven business days after his receipt of the transcript**. Failure to file timely objections will bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988). The government shall have **three business days** to file any opposition to the objections.

RESPECTFULLY SUBMITTED in chambers at Miami, Florida this 16th day of June, 2010.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Alan S. Gold
        All counsel of record