UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20110-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ENRIQUE COLLAZO-JUBAN,

    Defendant.
_____/

## SUPPLEMENT TO REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

On June 17, 2010, after holding an evidentiary hearing on the matter, I issued a Report and Recommendation on Defendant Collazo-Juban's Motion to Suppress Post-Arrest Statements and recommended that the Honorable Alan S. Gold deny the Defendant's Motion. [DE 72]. In his Motion, the Defendant argued that he had not been advised of his *Miranda* rights, and had not waived those rights, before he made certain post-arrest statements. [DE 61]. After hearing from the arresting officer, I found that the government established, by a preponderance of the evidence, that the officer did advise the Defendant of his *Miranda* rights, and that the Defendant understood and knowingly waived those rights.

In his objections to my Report and Recommendation, the Defendant argued to Judge Gold that he should not adopt my recommendation because the government did not introduce into evidence at the suppression hearing a copy of the *Miranda* rights card that the arresting officer read from when he informed the Defendant of those rights. Therefore, the Defendants

argues, that the government did not make a clear record of what the officer said to the Defendant when he advised him of his rights. [DE 75]. In its response to the Defendant's objections, and later at oral argument before Judge Gold, the government asked to reopen the record so that it could introduce into evidence a copy of the *Miranda* rights card the officer read to the Defendant. [DE 78]. Judge Gold referred the matter back to me for this purpose [*see* DE 80], and today I heard brief testimony from ATF Special Agent Luis Arias. Through that witness the government moved into evidence a copy of the arresting officer's *Miranda* rights card, and a brief declaration of that officer affirming the same. [Gov. Ex. 1 and 2].

It is undisputed that the warnings on that card satisfy the requirements of *Miranda v. Arizona*, 384 U.S. 436 (1966). For the reasons I expressed at the conclusion of the June 15, 2010 suppression hearing, and at the hearing today, I find that the arresting officer read those rights to the Defendant before the officer's custodial interrogation of the Defendant. In addition, I take this opportunity to reaffirm my finding that the Defendant understood and knowingly and voluntarily waived those rights. Accordingly, I continue to **RECOMMEND** that the Defendant's Motion to Suppress Post-Arrest Statements [DE 61], be **DENIED**.

Pursuant to S.D. Fla. Mag. Rule 4(b), the parties may serve and file written objections with the Honorable Alan S. Gold no later than **August 9, 2010.** Because the findings of fact and conclusions of law that are the basis of this Report and Recommendation were made in open court, the parties must obtain a transcript of today's hearing, and Defendant must file the transcript with the Court and deliver a courtesy copy to Judge Gold's chambers with his objections. Failure to file timely objections will bar the parties from attacking on appeal any

factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida this 30th day of July, 2010.

                                                CHRIS MCALILEY
                                                UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Alan S. Gold
       All counsel of record