**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 09-20110-CR-GOLD**

**UNITED STATES OF AMERICA**

**v.**

**ENRIQUE COLLAZO-JUBAN,**

    **Defendant.**
_____/

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

    The United States of America respectfully requests that the following jury instructions be

given at trial in the above-entitled action pursuant to Rule 30 of the Federal Rules of Criminal

Procedure. The United States also respectfully requests that the parties be allowed to propose

such additional instructions as become appropriate based upon the testimony and evidence at

trial, and that the parties be informed prior to closing arguments which instructions the Court

will issue.

                      Respectfully submitted,

                      WIFREDO A. FERRER
                      UNITED STATES ATTORNEY

        By:    s/ Jon Juenger_____
                      JON JUENGER
                      Assistant United States Attorney
                      Florida Bar No. 56108
                      U.S. Attorney's Office - SDFL
                      99 N.E. 4th Street, Suite 600
                      Miami, FL 33132-2111
                      Tel: (305) 961-9403
                      Fax: (305) 530-7976

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via

CM/ECF on October 10, 2010.

<u>s/ Jon Juenger</u>
JON JUENGER
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20110-CR-GOLD

UNITED STATES OF AMERICA

v.


ENRIQUE COLLAZO-JUBAN,

    Defendant.

_____ /

## COURT'S INSTRUCTIONS TO THE JURY

    Members of the Jury:

    It's my duty to instruct you on the rules of law that you must use in deciding

this case.  After I've completed these instructions, you will go to the jury room and

begin your discussions—what we call your deliberations.

    You must decide whether the Government has proved the specific facts

necessary to find the Defendant guilty beyond a reasonable doubt.


_____

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 1 (2010)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

**Duty to Follow Instructions**
**Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. The law presumes every Defendant is innocent.  The Defendant does not have to prove his innocence or produce any evidence at all. *A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.*  The Government  must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

---

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 2.1/2.2 (2010)

2

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

**Definition of Reasonable Doubt**

The Government's burden of proof is heavy, but it doesn't have to prove  a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

Proof beyond a reasonable doubt is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

_____

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 3 (2010)

3

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

**Consideration of the Evidence, Direct
and Circumstantial - Argument of Counsel
Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in

the case. Evidence includes the testimony of witnesses and the exhibits admitted.

But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any

factual issue in this case. Except for my instructions to you on the law, you should

disregard anything I may have said during the trial in arriving at your own decision

about the facts. Your own recollection and interpretation of the evidence is what

matters.

In considering the evidence you may use reasoning and common sense to

make deductions and reach conclusions. You shouldn't be concerned about

whether the evidence is direct or circumstantial. "Direct evidence" is the testimony

of a person who asserts that he or she has actual knowledge of a fact, such as an

eyewitness. "Circumstantial evidence" is proof of a chain of facts and

circumstances that tend to prove or disprove a fact. There's no legal difference in

the weight you may give to either direct or circumstantial evidence.

---

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 4 (2010)

4

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter. To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

_____

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 5 (2010)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

**Impeachment** -- **Inconsistent Statement** -- **Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial. To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness. Evidence that a Defendant was previously convicted of a crime is not evidence of guilt of the crime in this trial. But you may use the evidence to decide whether you believe the Defendant's testimony.

---

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 6.6 (2010)

6

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

**Expert Witnesses**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

---

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 7 (2010)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

**Introduction to Offense Instructions**

At this time I will explain the indictment.  I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, the indictment charges that the Defendant, who had been previously convicted of a crime punishable for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce.

I will now explain the law governing this offense.

_____

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 8 (2003) (modified)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

**Possession of Firearm By a Convicted Felon**
**18 U.S.C. § 922 (g)(1)**

It's a Federal crime for anyone who has been convicted of a felony offense to possess a firearm in or affecting interstate or foreign commerce.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     the Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce; and

(2)     before possessing the firearm, the Defendant had been convicted of a felony – a crime punishable by imprisonment for more than one year.

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

The term "interstate or foreign commerce" includes the movement of a firearm from one state to another or between the United States and any foreign country. It's not necessary for the Government to prove that the Defendant knew the firearm had moved from one state to another, only that the firearm did, in fact, move from one state to another.

_____

Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 34.6 (2010)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

**Possession**

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

---

Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 6 (2010)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

**On Or About - Knowingly**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

_____

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 9.2 (2010)

11

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

**Similar Acts Evidence**
(Rule 404(b), Fed. R. Evid.)

During the trial, you heard evidence of acts done by the Defendant on other occasions that may be similar to acts the Defendant is currently charged with. You must not consider any of this evidence to decide whether the Defendant committed the acts charged now. But you may consider this evidence for other very limited purposes.

If other evidence leads you to decide beyond a reasonable doubt that the Defendant committed the charged acts, you may consider evidence of similar acts done on other occasions to decide whether the Defendant had the state of mind or intent necessary for the crime charged, acted according to a plan or to prepare to commit a crime, or committed the charged acts by accident or mistake.

_____

Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 4 (2010)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

**Caution - - Punishment**
**(Single Defendant - - Single Count)**

I caution you that the Defendant is on trial only for the specific crime charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of that specific crime.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

_____

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 10.1 (2010)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

_____

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 11 (2010)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

_____

Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 12 (2010)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20110-CR-GOLD

UNITED STATES OF AMERICA

v.


ENRIQUE COLLAZO-JUBAN,

    Defendant.
_____ /


## **VERDICT**


We, the jury, unanimously find as to the single Count in the Indictment:

       _____           _____

       GUILTY         NOT GUILTY



SO SAY WE ALL.


_____    _____

Foreperson (please sign)            Foreperson (please print)


_____

Date
Miami, Florida

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

**Forfeiture Proceedings**
(To be given before supplemental evidentiary proceedings and/or
supplemental arguments of counsel)

Members Of The Jury:

Your verdict in this case does not complete your jury service, as it would in most cases, because there is another matter you must now consider and decide, namely, whether the Defendant, ENRIQUE COLLAZO-JUBAN, should forfeit certain property to the United States as a part of the penalty for the crime charged in the Indictment.

In a portion of the indictment not previously discussed or disclosed to you, it is alleged that the Defendant maintained certain property from the commission of the offense charged in the Indictment, and in view of your verdict finding the Defendant guilty of that offense, you must also decide, under the law I will now explain to you, whether such property should be forfeited to the United States.

The term "forfeited" simply means for someone to be divested or deprived of the ownership of something as a part of the punishment allowed by the law for the commission of certain criminal offenses.

In deciding these forfeiture issues you should consider all of the evidence you have already heard during the trial.

The forfeiture allegations of the indictment—a copy of which will be provided to you for your consideration during your supplemental deliberations—describes in

particular the property allegedly subject to forfeiture to the United States. This property constitutes a Phoenix Arms Model Raven, .25 caliber handgun, and six (6) rounds of .25 caliber ammunition.

In order to be entitled to the forfeiture of that property, the Government must have proved by a preponderance of the evidence:

First:    That the property to be forfeited constitutes, or was derived from, the proceeds the Defendant obtained, directly or indirectly, as the result of the commission of the offense charged in the Indictment,

**OR**

Second:    That the property to be forfeited was used, or was intended to be used, in any manner or part, to commit or to facilitate the commission of, the offense charged in the Indictment.

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

To be "derived" from something means that the property under consideration must have been formed or developed out of the original source so as to be directly descended from that source.

To "facilitate" the commission of an offense means to aid, promote, advance, or make easier, the commission of the act or acts constituting the offense. There must be more than an incidental connection between the property and the offense for you to find that the property facilitated, or was intended to facilitate, the commission of the offense. However, the property need not be indispensable to the commission of the offense, nor does the property have to have been used exclusively for the commission

18

of the offense or as the exclusive means of committing the offense. Property used to facilitate an offense can be in virtually any form.

   While deliberating concerning the issue of forfeiture you must not reexamine your previous determination regarding the Defendant's guilt. However, all of the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.

_____

Eleventh Circuit Pattern Jury Instructions, Trial Instruction No. 8 (2003)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20110-CR-GOLD

UNITED STATES OF AMERICA

v.

ENRIQUE COLLAZO-JUBAN,

    Defendant.
_____ /

## **FORFEITURE VERDICT**

    We, the jury, unanimously find as to the Forfeiture Count of the Indictment:

    _____        _____

      FORFEITED          NOT FORFEITED

SO SAY WE ALL

_____        _____

Foreperson (please sign)               Foreperson (please print)

_____
Date
Miami, Florida

20